FILED
U.S DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 1 2 2015

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | |
|---|---|
| MICAH TAYLOR <br><br> Plaintiff, <br><br> -against- <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC <br> A Virginia Corporation <br><br> Defendant. | Civil Action No. 4:15CV20-SWW <br><br> **JURY TRIAL DEMANDED** <br><br> This case assigned to District Judge Wright <br> and to Magistrate Judge Ray |

## ORIGINAL COMPLAINT

Plaintiff, Micah Taylor (Taylor), by his undersigned counsel brings this action against

Portfolio Recovery Associates, LLC (Portfolio), and states:

### STATEMENT OF JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331, 15 U.S.C.

§1692k(d) and 28 U.S.C. §1367 for pendant State law claims.

2.      This action arises out of Defendant's violations of the Fair Debt Collection

Practices Act, 15 U.S.C. §1692, et seq. and violations of the Arkansas Deceptive Trade Practices

Act, Ark. Code Ann. §4-88-107(a)(10).

3.      The acts and events complained of in this Complaint occurred within Conway,

Faulkner County, Arkansas.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to the claims occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES TO THE CLAIM

5. The averments set forth in paragraphs 1-4 are adopted herein and incorporated as if set forth word for word.

6. Taylor is a resident of Conway, Faulkner County, Arkansas, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C. §1692d;

7. At the time of the incident described further herein, Portfolio was a corporation duly authorized to conduct business in the State of Arkansas as a "debt collector," as that term is defined by 15 U.S.C. §1692a(6) and is registered and licensed with the Arkansas State Board of Collection Agencies, and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

8. Portfolio is being served via its registered agent:

> Corporation Service Company
> 300 Spring Building, Suite 900
> 300 S. Spring Street
> Little Rock, AR 72201

## FACTUAL BACKGROUND

9. The averments set forth in paragraphs 1-8 are adopted herein and incorporated as if set forth word for word.

10. Portfolio filed a lawsuit against Taylor in the District Court of Faulkner County, Arkansas on August 25, 2014 alleging a consumer debt.

11. The lawsuit and attached affidavit alleges Taylor defaulted on a credit card account obligation with the original creditor, GE Capital Retail Bank/JC Penney. A copy of that suit is attached hereto as "**Exhibit 1**" and incorporated as if set forth word for word.

2

12. Portfolio asserted it purchased and was assigned the account.

13. The Complaint filed by Portfolio, and the attached affidavit, reflect an amount due of $1,381.52.

14. Upon information and belief, the amount charged off by the original creditor was $1,034.00.

15. Upon information and belief, the date of default was October 2012.

16. Upon information and belief, the amount claimed in the lawsuit filed by Portfolio contains interest and late charges accrued after the default date, as well as after it was charged off by the original creditor.

17. The Truth in Lending Act (TILA) regulates the type of account at issue in this case.

18. TILA requires a creditor to send periodic statements to the debtor each billing cycle if there is an outstanding balance on an account where a finance charge is imposed. 15 U.S.C. §1637(b).

19. That required periodic statement must contain certain required information which describes what and how the creditor is assessing interest and finance charges. 15 U.S.C. §1637(b).

20. Consistent with 15 U.S.C. §1637(b), Regulation Z also requires creditors to "mail or deliver a periodic statement as required by (12 C.F.R.) §226.7 for each billing cycle at the end of which an account has a debit or credit balance of more than $1 or on which a finance charge has been imposed." *Id.* At 12 C.F.R. §226.5(b)(2)(i).

21. However, Regulation Z provides exceptions to this requirement that periodic statements be sent and enables creditors to *not* send those required periodic statements if the creditor does certain things.

22. One of those exceptions is if the creditor has charged off the account in accordance

3

with loan-loss provisions and will not charge any additional fees or interest on the account. 12 C.F.R. §226.5(b)(2)(i).

23. Therefore, under applicable regulations, GE Capital Retail Bank was required to send periodic statements to Taylor until it "charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account." 12 C.F.R. §226.5(b)(2)(i).

24. Previous to the alleged purchase of the account by Portfolio from GE Capital Retail Bank, GE Capital Retail Bank charged off an account alleged to have been incurred by Taylor.

25. Because GE Capital Retail Bank had charged off the account, it was not required to send periodic statements to Taylor as would otherwise be required by law.

26. Therefore, after charging off the account, GE Capital Retail Bank did not send any billing statements regarding the account to Taylor.

27. GE Capital Retail Bank took advantage of the charge off exception to enable it to not be required to send periodic billing statements.

28. The legal trade-off for entitling GE Capital Retail Bank to take advantage of the charge off exception is that it was precluded by law from charging any additional fees or interest on the account.

29. Therefore, after the account was written off, GE Capital Retail Bank was precluded by law from charging additional fees or interest on the account because it had not sent out the periodic statements.

30. Portfolio professes to be in the same shoes as GE Capital Retail Bank due to its purchase and assignment of the account.

31. Portfolio would not acquire any greater rights than GE Capital Retail Bank had at

4

the time of the alleged purchase.

32. By assessing interest and other charges for which there was no legal basis, Portfolio is in violation of **15 U.S.C §1692f(1)** which prohibits a debt collector from collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

33. By assessing charges, namely interest and late charges after the date of default, which are not authorized by the agreement or law, Portfolio is in violation of **15 U.S.C. §1692e(5)** by taking action that cannot legally be taken.

34. The Complaint further requests costs, post-judgment interest at the "contract rate" and for all other proper relief.

35. Because "costs, post-judgment interest at the contract rate and all other proper relief" are not authorized by the agreement creating the debt, the Complaint seeks to collect amounts not authorized by contract in violation of **15 U.S.C. §1692f(1)**.

36. By not attaching the agreement upon which it is suing, Portfolio is making a false representation of the character, amount, or legal status of the debt in violation of **15 U.S.C. §1692e(2)(A)**.

37. By not attaching the agreement upon which it is suing, Portfolio is engaging in unfair or unconscionable means in its attempt to collect the alleged debt in violation of **15 U.S.C. §1692f**.

38. Portfolio has attached no evidence that it purchased the debt from the original creditor and; thus, is taking action which cannot legally be taken in violation of **15 U.S.C. §1692e(5)**.

39. Portfolio is in violation of **15 U.S.C. §1692e(10)** by making false representations and engaging in deceptive means in attempting to collect the debt by its inability to document any agreement between Taylor and any creditor.

40. Upon information and belief, the original creditor was Synchrony Bank and not GE Capital Retail Bank. Therefore, GE Capital Retail Bank had no interest to transfer to Portfolio in violation of **15 U.S.C. §1692e(10).**

41. At the time it commenced the action against Taylor, Portfolio possessed insufficient evidence and intended not to further investigate in violation of **15 U.S.C. §1692(e)(5).**

42. Upon information and belief, the principal amount charged off by the original creditor was $1,034.00.

43. The Complaint filed by Portfolio requests a judgment in the principal amount of $1,381.52.

44. Portfolio is seeking to collect amounts not owed in violation of **15 U.S.C. §1692e(2)(A)** which prohibits the false representation of the character, amount, or legal status of any debt.

45. Portfolio's conduct violates the FDCPA for which strict liability applies pursuant to 15 U.S.C. §1692, et seq.

46. Portfolio's conduct violates the FDCPA for which statutory damages apply pursuant to 15 U.S.C. §1692k(a)(2)(A).

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

47. The averments set forth in paragraphs 1-46 are adopted herein and incorporated as if set forth word for word.

6

48. Portfolio is in violation of the following sections of the Fair Debt Collection Practices Act as alleged above:

    a. 15 U.S.C. §1692e(2)(A): Making a false representation of the character, amount, or legal status of any debt;

    b. 15 U.S.C. §1692e(5): Taking action that cannot legally be taken or that is not intended to be taken;

    c. 15 U.S.C. §1692e(10): The use of any false representation or deceptive means to collect any debt;

    d. 15 U.S.C. §1692f: Using unfair or unconscionable means to collect or attempt to collect any debt;

    e. 15 U.S.C. §1692f(1): The collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

## VIOLATION OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT

49. The averments contained in paragraphs 1-48 are hereby incorporated as if set forth word for word.

50. By representing that the principal amount owed by Taylor was $1,381.52 when, upon information and belief, the principal amount owed was $1,034.00, Portfolio was engaged in false and deceptive acts pursuant to Ark. Code Ann. §4-88-107(a)(10).

## DAMAGES

51. The averments set forth in paragraphs 1-50 are adopted herein and incorporated as if set forth word for word.

52. As a direct and proximate result of the occurrence made the basis of this lawsuit, Taylor is entitled to the following damages:

    a. actual costs, expenses and attorney fees pursuant to 15 U.S.C §1692(k)(a)(3);

    b. statutory damages in the maximum amount of: $1,000.00 pursuant to 15 U.S.C. §1692(k)(a)(2)(A).

    c. actual damages pursuant to 15 U.S.C. §1692k(a)(1)

    d. actual damages and attorney fees pursuant to Ark. Code Ann. §4-88-113(f).

## DEMAND FOR JURY TRIAL

53. The averments set forth in paragraphs 1-52 are adopted herein and incorporated as if set forth word for word.

54. Taylor demands a jury trial on all issues so triable.

## PRAYER

WHEREFORE, Taylor prays that:

1. He be granted statutory damages pursuant to the 15 U.S.C. §1692k(a)(2)(A);

2. He be granted actual damages pursuant to the 15 U.S.C. §1692k(a)(1);

3. He be granted costs and attorney fees pursuant to 15 U.S.C. §1692k(a)(3).

4. He be granted actual damages and attorney fees pursuant to Ark. Code Ann. §4-88-113(f).

Respectfully submitted,

By: _____
Todd Wooten, Esq.   ABN 94034
**WOOTEN LAW FIRM**
2226 Cottondale Lane, Suite 210
Little Rock, Arkansas 722202
Telephone: (501) 218-6064
todd@wootenlaw.net

and _____

J.R. Andrews, Esq.   ABN 92041
Attorney at Law
2014 Martha Drive
Little Rock, Arkansas 72212
Telephone: (501) 680-3634
jrandrewsatty@yahoo.com


Attorneys for Plaintiff

IN THE DISTRICT COURT OF FAULKNER COUNTY, ARKANSAS

**PORTFOLIO RECOVERY ASSOCIATES, LLC**  **PLAINTIFF**

V.  CASE NO. CWCV-14-807

**MICAH TAYLOR**  **DEFENDANT**

**COMPLAINT**

Filed in District Court of Faulkner County
8-25-14, D.C.
10:50 AM

Comes the Plaintiff and for its cause of action against the Defendant, states:

1. That the Plaintiff is a corporation authorized to bring this action under Ark. Code Ann. § 4-27-1501.

2. That the Defendant is a resident of FAULKNER County, Arkansas.

3. Jurisdiction and venue are proper in this Court.

4. That Defendant purchased certain items with extensions of credit obtained on his/her GE CAPITAL RETAIL BANK / JC PENNEY account. This account was purchased by, and assigned to the Plaintiff for good and valuable consideration.

5. That the amount past due on said account, which has not been paid, and has been owed for a period of time is as follows, principle amount, $1,381.52 as set out in Plaintiff's Affidavit which is attached hereto and incorporated herein by reference.

6. That demand has been made for the payment of same, yet the balance remains unpaid.

WHEREFORE, Plaintiff prays for Judgment against Defendant in the amount of $1,381.52, plus all costs herein paid and expended, for post-judgment interest at the contract rate, and for all other proper relief.

JENNIFER P. SANDERS
PORTFOLIO RECOVERY ASSOCIATES, LLC
120 CORPORATE BLVD
NORFOLK, VA 23502

14-72105

JENNIFER P. SANDERS, (2002 0047)

**EXHIBIT 1**

This communication is from a debt collector and is an attempt to collect a debt.

## AFFIDAVIT

State of Virginia
City of Norfolk ss.

I, the undersigned, ___Dianna D. Williams___, Custodian of Records, for Portfolio Recovery Associates, LLC hereby depose, affirm and state as follows:

1. I am competent to testify to the matters contained herein.

2. I am an authorized employee of Portfolio Recovery Associates, LLC, ("Account Assignee") which is doing business at Riverside Commerce Center, 120 Corporate Boulevard, Norfolk, Virginia, and I am authorized to make the statements, representations and averments herein, and do so based upon a review of the business records of the Original Creditor **GE CAPITAL RETAIL BANK/JC PENNEY** and those records transferred to Account Assignee from **GE CAPITAL RETAIL BANK** ("Account Seller"), which have become a part of and have integrated into Account Assignee's business records, in the ordinary course of business.

3. According to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by the Account Assignee, all of the Account Seller's interest in such account having been sold, assigned and transferred by the Account Seller on **7/22/2013**. Further, the Account Assignee has been assigned all of the Account Seller's power and authority to do and perform all acts necessary for the settlement, satisfaction, compromise, collection or adjustment of said account, and the Account Seller has retained no further interest in said account or the proceeds thereof, for any purpose whatsoever.

4. According to the records transferred to the Account Assignee from Account Seller, and maintained in the ordinary course of business by the Account Assignee, there was due and payable from **MICAH TAYLOR** ("Debtor and Co-Debtor") to the Account Seller the sum of **$1,381.52** with the respect to account number **ending in 0929** as of the date of **6/12/2013** with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of the sale.

5. According to the account records of said Account Assignee, after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, Account Assignee claims the sum of **$1,381.52** as due and owing as of the date of this affidavit.

6. Plaintiff believes that the defendant is not a minor or an incompetent individual, and declares that the Defendant is not on active military service of the United States.

Portfolio Recovery Associates, LLC

By: ___Dianna D. Williams___, Custodian of Records

Subscribed and sworn to before me on ___JUN 20 2014___

_____
Notary Public



TAVANA C. UZZLE
NOTARY PUBLIC
REGISTRATION # 302460
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
JANUARY 31, 2017



This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

14-72105-9151

MICAH TAYLOR
Account Ending: *** *** 092 9

Visit us at jcp.com/credit
Customer Service: 1-800-527-3369
PO Box 965009 Orlando FL 32896-5009

| Summary of Account Activity | |
|---|---:|
| Previous Balance | $1,381.52 |
| - Other Credits | $1,381.52 |
| **New Balance** | **$0.00** |
| Credit Limit | $1,129.00 |
| Available Credit | None |
| Statement Closing Date | 06/12/2013 |
| Days in Billing Cycle | 27 |

| Payment Information | |
|---|---:|
| New Balance | $0.00 |
| **Amount Past Due** | **$0.00** |
| Total Minimum Payment Due | $458.00 |
| Payment Due Date | 06/14/2013 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $35.00.

### Transaction Summary

| Tran Date | Reference Number | Balance Type | Description of Transaction or Credit | Amount |
|---|---|---|---|---:|
| 06/12 | F9119005300999990 | R | CHARGE OFF ACCOUNT-PRINCIPALS | ($1,034.70) |
| 06/12 | F9119005300999990 | R | CHARGE OFF ACCOUNT *FINANCE CHARGES* | ($346.82) |
| | | | **FEES** | |
| | | | TOTAL FEES FOR THIS PERIOD | $0.00 |
| | | | **INTEREST CHARGED** | |
| 06/12 | | | INTEREST CHARGE ON PURCHASES | $0.00 |
| | | | TOTAL INTEREST FOR THIS PERIOD | $0.00 |

| 2013 Totals Year-to-Date | |
|---|---:|
| Total Fees Charged in 2013 | $105.00 |
| Total Interest Charged in 2013 | $128.82 |
| Total Interest Paid in 2013 | $25.00 |

**PLEASE NOTE YOUR MAILED PAYMENT MUST BE RECEIVED BY 5 P.M. (ET) OR YOUR IN-STORE PAYMENT MUST BE RECEIVED DURING STORE HOURS ON THE DUE DATE.**
NOTICE: Your payment may be converted into an electronic debit. See reverse for details, Billing Rights Information and other important information.

PLEASE DETACH AND RETURN THIS STUB WITH YOUR CHECK PAYABLE TO GECRB.

Account Ending: *** *** 092 9

| Total Minimum Payment Due | Amount Past Due | Payment Due Date | New Balance |
|---|---|---|---|
| $458.00 | $0.00 | 06/14/2013 | $0.00 |

FILL IN TOTAL PAID   $ 

New address or email? Print changes on the back.

MICAH TAYLOR
1619 WESTLAKE DR APT 1909
CONWAY AR 72034-7441

GECRB / jcp
P.O. Box 960090
Orlando FL 32896-0090